THOMPSON, Judge.
McDaniel appeals a non-final order denying his motion to dismiss appellee’s amended complaint for lack of personal jurisdiction. We affirm.
While we find no error in the points raised by McDaniel, we find that McDaniel’s argument regarding the applicability of Florida’s long-arm statute to implied contracts merits discussion. The Division of Retirement (the Division) filed a complaint against McDaniel, a former teacher in the Florida University System, in the Circuit Court for Leon County, Florida, to recover an alleged overpayment it had made to him from his retirement account. McDaniel, now a North Carolina resident, moved to dismiss for lack of personal jurisdiction, arguing that the Division had failed to allege sufficient jurisdictional facts to bring him within the provisions of Florida’s long-arm statute, § 48.193, Fla.Stat. The trial court denied this motion.
McDaniel argues, among other things, that since Florida’s long-arm statute is to be strictly construed, it should only apply to express contracts and not to implied contracts, such as the one herein. This argument is without merit. Section 48.-193(l)(g) is not specifically limited by its terms to express contracts and we see no reason why it should not be applicable to implied, as well as express contracts. Accordingly, we affirm the denial of McDaniel’s motion to dismiss for lack of personal jurisdiction,
ERVIN, C.J., and WIGGINTON, J., concur.